IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                                                                     Criminal No. 1:00CR11

DONALD RAY BUZZARD,
        Defendant.

**ORDER/OPINION**

On the 9th day of June 2006, came the defendant, Donald Ray Buzzard, in person and by his counsel, L. Richard Walker, and also came the United States by its Assistant United States Attorney, Shawn Morgan, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed on May 26, 2006, and an Amended Petition filed June 9, 2006, alleging Defendant:

1) Violated the Mandatory Condition that while on supervised release, he not commit another Federal, State or local crime, in that he failed to submit a change of residence to the West Virginia State Police within 10 days of moving, pursuant to the sex offender registration requirements of W.V. Code Chapter 15-12-8; and

2) Violated the Special Condition that he pay any fines or restitution that remain unpaid at the commencement of the term of supervised release in accordance with the Probation Officer's schedule of payments, in that he has failed to comply with instructions to make regular monthly payments, and has to date made only one payment of $75.00 since his release in May 2005.

3) Violated the Mandatory Condition that he refrain from any unlawful use of a controlled

1

substance, in that he submitted a urine specimen on or about May 30, 2006, which was returned positive for cocaine by Scientific Testing Laboratories on June 7, 2006.

After determining Defendant had received, read, and had the opportunity to review and discuss the charges contained in the Petition for Warrant or Summons for Offender Under Supervision and the Amended Petition with his counsel, the Court proceeded to hear evidence presented by the United States in the form of the sworn testimony of United States Probation Officer Vincent Zummo. The Court also received and considered the Petition for Warrant or Summons for Offender Under Supervision and Amended Petition filed by Mr. Zummo.

Upon consideration of the evidence presented and in accord with the oral findings made by the Court on the record of the hearing, the Court makes the following Findings:

1. Defendant was on Supervised Release.
2. Defendant was United States Probation Officer Vincent Zummo's supervisee.
3. One condition of Defendant's Supervised Release is that he not commit another Federal, State or local crime.
4. Between April 30 and May 2, 2006, Defendant moved from 51 Beechurst Avenue in Morgantown, West Virginia to 165 Durham Street in Morgantown, West Virginia.
5. Defendant did not notify Probation Officer Zummo of his change of address.
6. Probation Officer Zummo discovered that Defendant had moved when he conducted an investigation initiated after Defendant failed to a written request to appear at the Probation Office for an appointment scheduled between April 20 and April 24, 2006.
7. 165 Durham Street is the address of Defendant's girlfriend and three children.
8. Defendant declared the Beechurst Avenue address and registered the same for purposes of

the West Virginia State Police Sex Offender Registry in April 2006.

9. Defendant failed to notify the Registry of his change of address from the previously declared and registered Beechurst Avenue address within ten days as required by the West Virginia statute.

10. Defendant was previously convicted of failure to register and therefore understood the requirements of the statute and the West Virginia State Police Sex Offender Registry.

11. Defendant had previously reported a change of address and therefore was aware of and understood the West Virginia requirement that he register any change of address within ten days.

12. Failure to register a change of address is a violation of West Virginia Code Chapter 15-12-8 and a violation of special condition 5 of the supervised release order.

13. A second condition of Defendant's Supervised Release is that he pay any fines or restitution remaining unpaid at the commencement of his supervised release in accordance with the Probation Officer's schedule of payments.

14. The Probation Officer discussed the obligation to make some unspecified regular monthly payment towards the restitution on several occasions.

15. Defendant did not make any payments in any amount on a regular basis as requested by his Probation Officer.

16. Defendant did, however, pay $75.00 when instructed to do so.

17. The Probation Officer was aware that Defendant was seldom employed and had little income and suspected that the $75.00 payment was made by Defendant's girlfriend and not by Defendant.

18. The Probation Officer did not request Defendant supply monthly or periodic financial statements relative to Defendant's ability to pay.

19. A third condition of Defendant's Supervised Release is that he refrain from any unlawful use of a controlled substance.

20. On or about May 30, 2006, Defendant tested positive for metabolic cocaine.

21. The same drug test showed evidence of "flushing," indicating that Defendant had attempted to deceive the test.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated conditions of his supervised release as alleged in Violation Numbers 1 and 3 of the Petition for Warrant or Summons for Offender Under Supervision filed May 26, 2006, and the Amended Petition filed June 9, 2006. The Court finds the evidence is insufficient to establish probable cause that Defendant violated the condition as alleged in Violation No. 2, because there is no showing that Defendant was required to make regular specific payments in a set amount or that he had the ability to make payments. Moreover, the Court notes that no evidence of Violation No. 2 was presented by proffer or testimony during the Government's case in chief and the only reason the matter is herein addressed is because Defendant's counsel opened the door by cross examining the Probation Officer on the subject.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Irene M. Keeley, Chief United States District Judge for the Northern District of West Virginia on the violation alleged in the Petition for Warrant or Summons for Offender Under Supervision dated May 26, 2006, and the Amended Petition filed June 9, 2006.

Defendant then orally moved the Court for an order releasing him from the custody of the U.S. Marshal pending further proceedings in this case. Defendant argued that he had only failed one drug test in the entire year he had been on supervised release, and that he would request the opportunity to pursue treatment. Defendant also argued that the charge of failure to register his change of address with the State Police Sex Offenders Registry was "elevating form over

4

substance," as the evidence indicated Defendant was not evading his supervising probation officer or the Sex Offender Registry, but had merely been living at home with his girlfriend and their three children, then went to his brother's house, at which time he registered his change of address, then moved "back home." He also argued that a search of the Sex Offender Registry on June 6, 2006, indicated he had either registered his new address or the State Police had never changed the Registry to reflect his change of address to Beechurst Avenue in the first place.[1] Defendant therefore argued the failure to register his address was "*de minimus*."

The United States opposed the motion, arguing first that the District Judge had signed the Petition Ordering Defendant be detained upon arrest[2], and second that the nature of the violations–failure to register and a recent positive drug screen– when viewed together, indicate there are no conditions of release which the Court could fashion which would assure the safety of the community.

F.R.Crim.P. 5(a)(2)(B) provides: "if a defendant is arrested for violating probation or supervised release, Rule 32.1 applies. F.R.Crim.P. 32.1(a)(1) and (6) provide: "(1) A person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge." and "(6) The magistrate judge may release or detain the person under 18 U.S.C. §3143(a) pending further proceedings. The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person."

Accordingly the Court rejects the Government's argument that because the District Judge ordered that the Defendant be arrested and detained, the magistrate judge is precluded from

---

[1]There was no evidence offered with respect to this argument. It was merely argument made by Defendant's counsel in support of the request for release on conditions pending outcome of proceedings before the Chief District Judge.

[2]The Government's argument is that the Magistrate Judge is precluded from making an independent determination relative to release on conditions pending the outcome of proceedings by the District Judge having directed the detention of the Defendant upon arrest.

5

considering the issue of release or detention of the Defendant pending the outcome of the proceeding before the District Judge on the alleged supervised release violations.[3]

The Court does not take Defendant's failure to notify the Registry of his change of address lightly. Nor does it consider even a temporary failure "*de minimus*." In this case in particular, Defendant was well aware of and understood the requirement that he was to notify the State Police of his change of address within 10 days. He had done so in the recent past. He had, additionally, previously been convicted on a state charge of failure to register. The legislature of the State of West Virginia has declared that sex offenders be required to register in order that the public and the police know that such offenders are living in their midst. The undersigned finds this a very serious allegation and given that there is probable cause to believe it occurred after previously having been convicted and serving a term of imprisonment for failure to register, the Court concludes Defendant has failed to carry the required burden of proof that there is a condition or combination of conditions which could be entered by the Court which would guarantee compliance with the West Virginia sex offender registration law and thus the safety of the community and that he is not a danger to the community. 18 U.S.C. §3143(a).

In addition, the Court finds that even one violation of the condition that Defendant refrain from any unlawful use of a controlled substance is a serious offense. Further, there is at least evidence that Defendant had attempted to deceive the test by "flushing." Accordingly, Defendant has failed to carry the required burden of proof that there is a condition or combination of conditions which could be entered by the Court which would guarantee the safety of the community and that he is not a danger to the community. 18 U.S.C. §3143(a).

It is **ORDERED** that Defendant's motion to be released on bond pending further

---

[3]This same issue is now pending before the Chief District Judge in another and unrelated case.

6

proceedings in this matter be, and the same is, hereby **DENIED**, and it is accordingly

**ORDERED** that the defendant be remanded to the custody of the United States Marshal for further proceedings herein.

The clerk of the court is directed to send a copy of this order to counsel of record.

DATED: June 9, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE